# EXHIBIT B

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| Leighanne Stainer-Bateman<br><br>Plaintiff,<br><br>v.<br><br>Neutron Holdings, Inc. dba Lime, a foreign corporation,<br><br>Defendant. | CASE NO.<br>COMPLAINT:<br>   1) STRICT LIABILITY<br>   2) NEGLIGENCE<br>   3) BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY<br>   4) BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br>Prayer $770,000.00<br>ORS 20.160(1)(c) |

**FACTS COMMON TO ALL CLAIMS**

1.

Defendant Neutron Holdings Inc., dba Lime, ("Lime") is a foreign corporation conducting regular and sustained business activities for profit in Multnomah County, Oregon.

2.

Plaintiff is a resident of the State of Washington who rented a Lime scooter in Portland on or about April 15, 2022, and used it transport herself around Portland to carry out various errands. During her ride, Plaintiff was going down a hill and the scooter's brakes failed, and Plaintiff could not stop the scooter. As a result of not being able to stop, the scooter crashed, and Plaintiff suffered a serious fracture to her left tibia and right arm contusion.

Page 1 of 7 - COMPLAINT

3.

Since Lime's deployment of electronic scooters in late 2017 and early 2018, there have been numerous reports of injuries suffered as a result of equipment failures.

4.

Upon information and belief, Defendant Lime's electronic scooters are manufactured with inadequate safety features.

5.

Upon information and belief, Lime does not properly maintain the scooters, but deploys its scooters into the public and takes no measures to inspect and maintain the scooters.

6.

Upon information and belief, Lime's scooters are defective as manufactured and designed, or not properly maintained, making them a dangerous nuisance.

7.

Upon information and belief, riders, such as Plaintiff in this case, are unaware of the clear failure to maintain the scooters, the defective nature of the scooters, and the dangers associated with the scooters.

8.

Upon information and belief, Lime fails to provide adequate warnings and operational instructions.

**FIRST CLAIM FOR RELIEF – STRICT LIABILITY**

9.

Plaintiff realleges paragraphs 1 – 8 as set forth above.

10.

At the time of Plaintiff's injuries, Lime's scooters were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

**Law Office of Matthew Rizzo LLC.**
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

11.

Lime's scooters were in the same or substantially similar condition as when they left the possession of Lime.

12.

Plaintiff did not misuse or materially alter the scooter.

13.

The scooters did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

14.

A reasonable person would conclude that the possibility and seriousness of harm outweighs the burden or cost of making the scooters safe.

15.

Lime's actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

16.

Lime's conduct as set forth above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its scooters, including Plaintiff in this action, with the knowledge of the safety and efficacy problems.

**SECOND CLAIM FOR RELIEF – NEGLIGLENCE**

17.

Plaintiff realleges paragraphs 1 – 16 as set forth above.

18.

Lime had a duty of reasonable care to design, manufacture, market, and sell non-defective scooters that are reasonably safe for its intended uses by consumers, such as Plaintiff.

///

**Law Office of Matthew Rizzo LLC.**
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

19.

Lime failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion and marketing of its scooters in that Defendant knew or should have known that said scooters created a risk of unreasonable harm to the Plaintiff and consumers alike.

20.

Defendant was negligent in the design, manufacture, advertising and warning with its scooters in one or more of the following particulars which directly led to Plaintiff's injuries:

- a. In failing to use due care in designing and manufacturing the scooters to avoid the aforementioned risks to individuals;
- b. In placing an unsafe product into the stream of commerce;
- c. In failing to properly maintain their scooters;
- d. In failing to properly address known braking defects present in its scooters.

### THIRD CLAIM FOR RELIEF – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

21.

Plaintiff realleges paragraphs 1 – 21 as set forth above.

22.

At the time defendant marketed and distributed its scooters to Plaintiff in this case, Defendant warranted that its scooters were merchantable and fit for the ordinary purposes for which they were intended.

23.

Members of the consuming public, including Plaintiff, were intended 3rd-party beneficiaries of the warranty.

///

Law Office of Matthew Rizzo LLC.
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

24.

Plaintiff reasonably relied on Defendant's representations that its scooters were a safe and environmentally friendly transportation without the headache of traffic.

25.

Defendant's scooters were not merchantable because they had the propensity for the brakes to fail to stop the scooter and lead to the serious personal injuries as described herein in this Complaint.

26.

Plaintiff used the scooter with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of transportation.

27.

Lime's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injuries and damages.

**FOURTH CLAIM FOR RELIEF – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

28.

Plaintiff realleges and incorporates paragraphs 1 – 27 as set forth above.

29.

Lime manufactured and supplied its scooters with an implied warranty that they were fit for the particular purpose of a safe and cost-effective means of transportation.

30.

Members of the consuming public, including Plaintiff, were the intended 3rd-party beneficiaries of the warranty.

///

Law Office of Matthew Rizzo LLC.
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

31.

Lime's scooters were not fit for the particular purpose as a sole means of transportation, due to the unreasonable risks of bodily injury associated with its use.

32.

Plaintiff reasonably relied on Lime's representations that its scooters were an environmentally friendly transportation without the headache of traffic.

33.

Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**INJURIES AND DAMAGES**

34.

Plaintiff realleges paragraph 1 – 33 as set forth above.

35.

As a result of Defendant's negligence, Plaintiff suffered a serious fracture to her left tibia that required surgical repair along with a contusion to her right arm; all of which injuries, and the consequences of them, are or may be permanent and have caused her to suffer non-economic damages including, but not limited to, past and future pain and suffering as well as past and future inconvenience and interference with normal and usual activities apart from gainful employment, all to her non-economic damages of $650,000.

36.

As a result of Defendant's negligence, Plaintiff incurred reasonable and necessary medical expenses in the amount approximate amount of $100,000 with additional amounts to be proven at trial.

///

Law Office of Matthew Rizzo LLC.
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com

37.

As a result of Defendant's negligence, Plaintiff will incur future, reasonable and necessary medical expenses in the amount of $20,000 with additional amounts to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1) Noneconomic damages in a sum not more than $650,000;
2) Economic damages for past, reasonable and necessary medical expenses in the amount of $100,000, with additional amounts to be proven at trial;
3) Economic damages for future reasonable and necessary medical expenses in the amount of $20,000;
4) Plaintiff's costs and disbursements herein;
5) Post-judgment interest; and
6) Whatsoever other relief this court finds just and necessary.

DATED this February 16, 2024.

/s/Matthew J. Rizzo

Matthew J. Rizzo, OSB #950230
Email: mrizzo@rizzolawportland.com
Trial Attorney for Plaintiff

**Law Office of Matthew Rizzo LLC.**
850 SE 3rd Ave, Ste 302
PORTLAND, OREGON 97214
TELEPHONE: 503.405.9723
EMAIL: mrizzo@rizzolawportland.com